|     |                                                                                      |
| --- | ------------------------------------------------------------------------------------ |
| 1   |                                                                                      |
| 2   |                                                                                      |
| 3   |                                                                                      |
| 4   |                                                                                      |
| 5   | UNITED STATES DISTRICT COURT                                                         |
| 6   | DISTRICT OF NEVADA                                                                   |
| 7   | * * *                                                                                |

| VICTOR SZANTO, *et al.*, | Case No. 3:17-cv-00153-MMD-WGC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| PETER SZANTO, | |
| Defendant. | |

This case comes before this Court through Defendant Peter Szanto's petition for removal ("Petition"). (ECF No. 1.) The notice attaches two documents—a civil cover sheet and a Temporary Order for Protection Against Domestic Violence ("Protective Order"). (ECF Nos. 1-1, 1-2.) The Court issued an Order for Defendant to show cause as to why this case should not be remanded for lack of subject matter jurisdiction. (ECF No. 6.) Defendant has responded to the Court's Order ("Response"). (ECF No. 14.)

Defendant removed the action on the basis of 28 U.S.C. § 1332. (ECF No. 1.) Accordingly, it is Defendant's burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The Petition asserts the amount of controversy based on damages alleged in connection with other cases. (ECF No. 1 at 6.) The Protective Order seeks injunctive relief, not damages. (ECF No. 1-2.) In his Response, Defendant discussed two other cases that are apparently on appeal before the Ninth Circuit Court of Appeals and contends that regardless of the outcome, these cases have not been decided on the merits. (ECF No. 14 at 1-2.) Defendant further argues that the Protective Order is an attempt to interfere and prohibit continued litigation in Nevada's courts,

suggesting that the harm to Defendant is the loss resulting from his inability to recover in these other two cases and which loss exceeds the amount in controversy. (*Id.* at 6-8.) However, subject matter jurisdiction is predicated on the affirmative claim in the complaint, not on any actual or anticipated defense. *See Vaden v. Discovery Bank,* 556 U.S. 49, 59 (2009). Even accepting that the Protective Order will harm Defendant as he claims, such harm cannot be a basis for the amount in controversy.

The Court lacks subject matter jurisdiction. This case is therefore remanded. The Clerk is directed to close this case.

DATED THIS 19th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE